UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRYL EVERSON** | CIVIL ACTION |
| **VERSUS** | NO. 23-1360 |
| **NAUTILUS INSURANCE COMPANY, ET AL.** | SECTION L (1) |

**ORDER & REASONS**

Before the Court is Defendant's motion to compel Plaintiff to undergo an independent medical examination ("IME") by a neurosurgeon. R. Doc. 74. The Court will grant this motion.

I.  **BACKGROUND**

This case arises out of personal injuries to Plaintiff Darryl Everson. R. Doc. 1-1 at 2. On December 9, 2021, Plaintiff was driving in Montz, Louisiana when Defendant David Rugg ("Rugg") cut down a tree along the roadway. *Id.* Plaintiff claims that the tree fell on top of his car, injuring his back and neck. *Id.* at 3. Plaintiff alleges that Rugg and his employer Romesberg Trucking Inc. failed to exercise reasonable care because they failed to watch for oncoming vehicles and created a hazardous condition by cutting trees near an active roadway. *Id.* at 3-4. Plaintiff seeks damages for emotional distress, past and future medical expenses, pain and suffering, property damage, and more. *Id.* at 4-5.

The Court recently continued trial in this case because Plaintiff's doctor, Dr. Thomas, recommended that Plaintiff undergo a laminectomy surgery. R. Doc. 69. At the time of the continuance, deadlines for witness lists and expert reports had passed. However, Defendants advised the Court that they wanted to conduct an IME with a neurosurgeon based on the new surgery recommendation. The Court advised that it consider Defendants' request for an IME after the parties deposed Dr. Thomas. *Id.*

1

## II. PRESENT MOTION

Defendants request that the Court compel Plaintiff to submit to an IME by a neurosurgeon, Dr. Alan Weems. R. Doc. 74. Although the parties have not yet deposed Dr. Thomas, Defendants explain that the earliest date on which Dr. Thomas is available for a deposition is November 6, 2024. If Defendants waited until after that date to request and schedule an IME, the IME would occur too close to the December 9, 2024 trial date. *Id.* at 11. Defendants contend that there is good cause for an IME because Plaintiff has placed his physical health at issue in the suit. *Id.* at 4. Although Plaintiff has already undergone an IME by a pain management specialist, Defendants maintain that Dr. Thomas' new recommendation of a laminectomy operation drastically changes the landscape of the medical damages in this case. *Id.* at 6, 9. Defendants argue that they should be allowed to obtain a second opinion on whether the laminectomy is medically necessary. *Id.* at 9. Finally, they aver that Dr. Weems, their selected IME examiner, is a qualified, Board-Certified neurosurgeon with 30 years of experience. *Id.*

## III. LAW & ANALYSIS

The Court will compel the IME. Federal Rule of Civil Procedure 35 allows a party to seek an independent medical examination when a party's physical or mental health is at issue and there is "good cause" for the exam. The Supreme Court has held that "[a] plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). As to the timing of the IME, "courts have required that an IME must occur prior to surgery to avoid spoliation of evidence." *Magnolia Fleet, LLC v. Gray*, No. 18-8363, 2018 WL 5619995 (E.D. La. Oct. 30, 2018).

Although Plaintiff has already undergone an IME, that examination was conducted by a pain management specialist. Now that Plaintiff is contemplating surgery, the Court understands

Defendants' desire to have an IME conducted on the issue of whether surgery is appropriate. *See Midland v. M/T Am. Liberty*, No. CV 19-10525, 2020 WL 12583838, at *1 (E.D. La. Dec. 2, 2020) (compelling Plaintiffs to submit to IMEs by a neurosurgeon where they alleged injuries to their lumbar spines and represented an intent to undergo surgery). Accordingly, the Court finds good cause to require Plaintiff to submit to the IME.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion to compel IME, R. Doc. 74, is **GRANTED.**

New Orleans, Louisiana, this 16th day of October, 2024.

_____
HONORABLE ELDON E. FALLON